UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-80075-Cannon/McCabe

CLAUDIA D. BEARDSWORTH,

    Plaintiff,

v.

SCOTT E. BURDT, et al.,

    Defendants.

_____/

## REPORT & RECOMMENDATION (DE 14 & DE 17)

THIS CAUSE comes before the Court upon Plaintiff's Motion to Remand (DE 14) and Defendants' Motion to Dismiss (DE 17), which were referred to the undersigned by United States District Judge Aileen M. Cannon (DE 22). For the reasons set forth below, the undersigned **RECOMMENDS** that the Motion to Remand (DE 14) be **GRANTED** and that the Motion to Dismiss (DE 17) be **DENIED AS MOOT**.

**I.    BACKGROUND**

This is a products liability case that raises an issue of fraudulent joinder. Plaintiff filed the operative Complaint in state court in December 2022, alleging she sustained injuries following the implantation of a surgical bone product, FiberCel, during a 2021 spinal surgery (DE 1-3 at 6-32). Plaintiff alleges the FiberCel was contaminated with tuberculosis, causing her to contract that disease and suffer injuries (DE 1-3 ¶¶ 21-50). Among other Defendants, Plaintiff sued Medtronic, Inc. ("Medtronic") the exclusive U.S. distributor of FiberCel, as well as Scott E. Burdt, a Medtronic sales representative who was present in the operating room during Plaintiff's surgery (DE 1-3 ¶¶ 4, 14, 24, 25, 29). As to Burdt, the Complaint alleges the following counts:

> Count I: Strict Products Liability – Manufacturing Defect;
>
> Count II: Strict Products Liability – Design Defect;
>
> Count III: Strict Products Liability – Failure to Warn; and
>
> Count IV: Negligence.

(DE 1-3 ¶¶ 51-91).

The Complaint also alleges that Burdt is a resident of Florida (DE 1-3 ¶¶ 3-4). Since Plaintiff is also a resident of Florida, this allegation would normally prohibit diversity jurisdiction under 28 U.S.C. § 1332(a). On January 17, 2023, Defendants Aziyo Biologics, Inc., Medtronic Sofamor Danek USA, Inc., and SpinalGraft Technologies, LLC (collectively referred to as "the Removing Defendants") nevertheless removed the case to federal court, arguing that "Plaintiff has no valid or cognizable claim against Burdt and has fraudulently joined him to this action to defeat diversity" (DE 1 ¶ 19).

This Motion to Remand and Motion to Dismiss followed (DE 14, DE 17).

## II. LEGAL STANDARD

Federal courts have diversity jurisdiction over civil actions between citizens of different states when the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Diversity jurisdiction requires complete diversity, meaning that "all plaintiffs must be diverse from all defendants." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 412 (11th Cir. 1999). When a defendant removes an action to federal court on diversity grounds, and the court thereafter finds complete diversity to be lacking, the case must be remanded back to state court. *Florence v. Crescent Res., LLC*, 484 F.3d 1293, 1297 (11th Cir. 2007).

As an exception to the complete diversity rule, the "fraudulent joinder" doctrine allows courts to ignore the presence of a nondiverse defendant if the plaintiff fraudulently joined that

defendant to defeat diversity jurisdiction. *Henderson v. Wash. Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006). To establish fraudulent joinder, the removing party bears the burden of proving, by clear and convincing evidence, that "there is no possibility the plaintiff can establish a cause of action against the resident defendant." *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011) (quoting *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997)) (cleaned up).

"This burden is a heavy one." *Id.* (cleaned up). Remand is required if the plaintiff "states even a colorable claim against the resident defendant." *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998); *Stillwell*, 663 F.3d at 1333 (noting that "federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law"). "This standard differs from the standard applicable to a 12(b)(6) motion to dismiss" because "all that is required to defeat a fraudulent joinder claim is 'a possibility of stating a valid cause of action.'" *Watts v. Wal-Mart Stores E., LP*, No. 0:22-CV-62350, 2023 WL 2028384, at *2 (S.D. Fla. Feb. 16, 2023) (quoting *Stillwell*, 663 F.3d at 1333) (cleaned up).

In deciding fraudulent joinder questions, courts must consider "the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties." *Pacheco de Perez*, 139 F.3d at 1380 (citing *Crowe*, 113 F.3d at 1538). Courts "must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff." *Crowe*, 113 F.3d at 1538. "[I]f there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary." *Florence*, 484 F.3d at 1299. "All doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala.*, 168 F.3d at 411 (cleaned up).

3

### III.    DISCUSSION

The Removing Defendants urge the Court to find a fraudulent joinder here, arguing that Plaintiff cannot possibly prevail on any claim alleged against Burdt (DE 17 at 12-18). While the Complaint alleges multiple claims against Burdt, the Court finds it necessary to address only Count IV for negligence. *See Miceli v. Smith & Nephew, Inc.*, No. 22-CV-81396, 2022 WL 18663123, at *7 (S.D. Fla. Nov. 28, 2022) (noting that the existence of any "colorable claim" requires remand). To state a claim for negligence under Florida law, Plaintiff must show "(1) the defendant had a duty to protect the plaintiff; (2) the defendant breached that duty; and (3) the defendant's breach was the proximate cause of the plaintiff's injuries and resulting damages." *Epstein v. Gilead Scis., Inc.*, 441 F. Supp. 3d 1277, 1282-83 (S.D. Fla. 2020) (cleaned up).

Here, the Complaint seeks to support the negligence count by alleging that Burdt failed to exercise reasonable care "in the designing, researching, manufacturing, marketing, supplying, promoting, sale, testing, quality assurance, quality control, and distribution of FiberCel into the stream of commerce" (DE 1-3 ¶ 86). The Complaint further alleges that "Burdt was actively involved in the marketing, sale and distribution of the actual FiberCel product that was used on the Plaintiff, and/or physically supplied the said FiberCel product …." (DE 1-3 ¶ 42) (cleaned up).

The Removing Defendants argue Plaintiff cannot possibly prevail on the negligence count because the above allegations are false (DE 17 at 12-18). In support, the Removing Defendants have submitted a declaration signed by Burdt, attesting, among other things, that although he worked as a sales representative for Medtronic, he was not the sales representative responsible for FiberCel (DE 1-5 ¶¶ 2, 3). Burdt states that he did not market, promote, handle, deliver, or have any contact with FiberCel (DE 1-5 ¶ 3). Although Burdt concedes he was present in the operating

room during Plaintiff's 2021 surgery, he states his presence was unrelated to FiberCel (DE 1-5 ¶¶ 8-9).

Discovery has not been conducted in the case, so Plaintiff has not deposed Burdt or any other witnesses (DE 14 at 7, 9-10). Nevertheless, Plaintiff provided evidence in opposition to Burdt's declaration and has made certain uncontested allegations showing:

- Medtronic was the exclusive U.S. distributor of FiberCel (DE 1-3 ¶ 4).
- Burdt worked as a Medtronic sales representative (DE 1-3 ¶¶ 4, DE 14-1).
- The job description of a Medtronic sales representative, according to publicly available job postings, includes "selling implantable devices for specific therapies to physicians, institutions, payors, and other appropriate medical staff," "delivering product inventory to hospitals," "aggressively visiting hospitals and solicit[ing] orders from present and prospective customers for the assigned products," "aggressively seeking new customers," "meeting or exceeding sales quota," and "managing business with Medtronic Spinal and Biologics profitability in mind" (DE 14-1).
- Burdt was in the operating room during Plaintiff's 2021 surgery (DE 14-2 at 2).

The Court finds that the above allegations and evidence cast sufficient doubt on Burdt's declaration to preclude a finding of fraudulent joinder. When a removing defendant makes a fraudulent joinder argument based upon *factual* issues, this Court's role is not to convene an evidentiary hearing, swear witnesses, and decide which side is telling the truth. Rather, the Court must examine the pleadings and the evidence submitted and resolve factual conflicts in the light most favorable to the plaintiff. *See Stillwell*, 663 F.3d at 1333 ("[F]ederal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state

5

law."); *Miceli*, 2022 WL 18663123 at *6 (noting that "[a]t this stage it is not for me to decide whether … [a submitted] declaration is accurate"). Applying the appropriate standard here, the Court finds the Removing Defendants have not met the "heavy burden" required to prove fraudulent joinder. *See Stillwell*, 663 F.3d at 1333.

The Court also notes that no discovery has taken place in this case. When a removing defendant makes a factual argument of fraudulent joinder before discovery has taken place, other courts have borrowed from Federal Rule of Civil Procedure Rule 11's standard for fraudulent pleadings to determine issues of fraudulent joinder. Thus, in *Sellers v. Foremost Insurance Co.*, the court reasoned that, "because a fraudulent-joinder charge based on lack of evidence raises a concern already addressed by Rule 11—that is, that a plaintiff may have good reason to believe that a fact is true but may need discovery to confirm the fact—Rule 11's standard should apply to such a charge." 924 F. Supp. 1116, 1119 (M.D. Ala. 1996). The *Sellers* court concluded that, "to block a fraudulent-joinder charge based on lack of evidence, a plaintiff who has not been able to engage in full discovery must be able to provide some showing that his claim against the [nondiverse] defendant has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." *Id.*; *see also* Fed. R. Civ. P. 11.

Ultimately, the *Sellers* court found in favor of fraudulent joinder because the plaintiff "admitted that he had no evidence whatsoever that supports, or is likely to lead to evidence that supports, a viable claim against the [resident defendants]." 924 F. Supp. at 1116. Applying the *Sellers* standard, however, other courts have rejected arguments of fraudulent joinder where the plaintiff has satisfied a quasi-Rule 11 inquiry as to the factual allegations against the nondiverse defendant. *See, e.g.*, *Seaborn v. R.J. Reynolds Tobacco Co.*, No. 96–T–1540–N, 1996 WL 943621, at *3 (M.D. Ala. Dec. 30, 1996) (rejecting fraudulent joinder argument because "Seaborn's

6

allegations against the [nondiverse] individual defendants are, at least, 'likely to have evidentiary support after a reasonable opportunity for further investigation or discovery'") (quoting Fed. R. Civ. P. 11).

Based on the Complaint and the evidence submitted in connection with this Motion to Remand, the Court finds Plaintiff would survive a quasi-Rule 11 inquiry, at this point, as to the decision to sue Burdt for negligence in the case. For this reason as well, the Court rejects the Removing Defendants' argument of fraudulent joinder.

In sum, the Court finds the Removing Defendants have not met the heavy burden of establishing fraudulent joinder. The Removing Defendants have not shown, by clear and convincing evidence, that no possibility exists that Plaintiff might prevail in her negligence claim against Burdt. Having reached this conclusion, the Court further finds that Burdt's presence as a defendant in this case deprives the Court of complete diversity jurisdiction under 28 U.S.C. § 1332(a). As such, the Court recommends that this case be remanded back to state court.

## IV. RECOMMENDATION & NOTICE OF RIGHT TO OBJECT

For the reasons stated above, the undersigned **RECOMMENDS** that the Motion to Remand (DE 14) be **GRANTED.** Because the Court recommends that this case be remanded based on lack of subject matter jurisdiction due to incomplete diversity, the Court **RECOMMENDS** the Motion to Dismiss (DE 17) be **DENIED AS MOOT**.

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Aileen M. Cannon. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation

and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 17th day of April 2023.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE