UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 23-80075-CIV-CANNON/McCabe

**CLAUDIA D. BEARDSWORTH**,

    Plaintiff,

v.

**SCOTT E. BURDT et al**.,

    Defendants.
_____/

**ORDER ACCEPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION [ECF No. 27]**

**THIS CAUSE** comes before the Court upon Plaintiff's Motion to Remand to the Circuit Court of the 15th Judicial Circuit in and for Palm Beach County, Florida (the "Motion"), filed on February 15, 2023 [ECF No. 14]. On April 17, 2023, Judge Ryon M. McCabe issued a report recommending that Plaintiff's Motion be granted (the "Report") [ECF No. 27]. Defendants Aziyo Biologics, Inc., Medtronic Sofamore Danek USA, Inc., and Spinalgraft Technologies, LLC (together the "Removing Defendants") filed Objections to the Report [ECF No. 28].[1] The Court has reviewed the Report [ECF No. 27], the Removing Defendants' Objections [ECF No. 28], the full record, and is otherwise fully advised.[2] For the reasons set forth herein, the Report [ECF No. 27] is **ACCEPTED**; Plaintiff's Motion to Remand [ECF No. 14] is **GRANTED**; and this matter is remanded to the Fifteenth Judicial Circuit in and for Palm Beach County, Florida.

---

[1] Defendants DCI Donor Services Inc. and New Mexico Donor Services join the Removing Defendants' objections [ECF No. 29].

[2] The remaining Defendants, Scott E. Burdt, Aziyo Med, LLC, and Medtronic, Inc. have not filed objections to the Report. Plaintiff did not file a response to the Removing Defendants' Objections. The time for both has elapsed [ECF No. 27 pp. 7–8].

CASE NO. 23-80075-CIV-CANNON/McCabe

**RELEVANT BACKGROUND**

On October 14, 2021, Plaintiff filed a civil action in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida against Defendant Scott E. Burdt [ECF No. 1 ¶ 1]. On December 14, 2022, Plaintiff filed a ten-count Amended Complaint against Defendants Scott E. Burdt ("Burdt"); Aziyo Biologics, Inc. ("Aziyo"); Aziyo Med, LLC; Medtronic, Inc. ("Medtronic"); Medtronic Sofamore Danek USA, Inc.' Spinalgraft Technologies, LLC; DCI Donor Services, Inc.; and New Mexico Donor Services [ECF No. 1-3]. As relevant here, the Amended Complaint brings the following causes of action against Burdt: (1) Strict Products Liability – Manufacturing Defect (Count I); (2) Strict Products Liability – Design Defect (Count II); (3) Strict Liability – Failure to Warn (Count III); and (4) Negligence (Count IV) [ECF No. 1-3].

These claims arise from Plaintiff's 2021 spinal surgery [ECF No. 1-3 ¶¶ 40–41]. FiberCel is a tool made with donor tissue to assist with bone grafting [ECF No. 1-3 ¶ 28]. Aziyo developed FiberCel and utilized Medtronic as its exclusive distributor within the United States [ECF No. 1-3 ¶¶ 22, 29]. Defendants DCI Donor Services, Inc. and New Mexico Donor Services (together the "Donor Defendants") harvested the human donor tissue used for manufacturing FiberCel [ECF No. 1-3 ¶ 30]. On June 2, 2021, the United States Food and Drug Administration issued a voluntary recall of FiberCel products from certain specified donor lots "in response to reports of patients testing positive for Tuberculosis and post-surgical infections following the surgical implantation of FiberCel as part of an orthopedic or spinal procedure" [ECF No. 1-3 ¶¶ 33–34]. The recall affected a lot of FiberCel consisting of 154 units that had been delivered to twenty states [ECF No. 1-3 ¶ 37]. Plaintiff underwent a spinal surgery on April 14, 2021, during which FiberCel from a recalled donor lot was used in bone grafting [ECF No. 1-3 ¶ 40]. The FiberCel used during Plaintiff's surgery was contaminated with tuberculosis, leading to Plaintiff herself contacting the disease [ECF No. 1-3 ¶¶ 43–44]. As relevant to the instant Motion, Plaintiff alleges that Burdt

2

was responsible for knowingly marketing and selling the defective FiberCel product to Plaintiff's physicians and/or healthcare providers [ECF No. 1-3 ¶ 4].

Plaintiff is a resident of Florida [ECF No. 1-3 ¶ 3]. Burdt is a Florida resident [ECF No. 1-3 ¶ 4]. The remaining Defendants are residents of various other states [ECF No. 1-3 ¶¶ 5, 8–12, 15–16 (detailing citizenship of remaining Defendants)].

On January 17, 2023, the Removing Defendants removed the action to this Court under 28 U.S.C. § 1441, asserting diversity jurisdiction under 28 U.S.C. § 1332(a) [ECF No. 1 ¶¶ 8–9]. The Removing Defendants concede that Burdt is a citizen of Florida but urge the Court to disregard his citizenship under the doctrine of fraudulent joinder [ECF No. 1 ¶ 19].

On February 15, 2023, Plaintiff filed the instant Motion to Remand [ECF No. 14], which this Court referred to Magistrate Judge McCabe for a Report and Recommendation [ECF Nos. 22, 27]. The Report is ripe for adjudication [ECF Nos. 28–29].

**LEGAL STANDARD**

To challenge the findings and recommendations of a magistrate judge, a party must file specific written objections identifying the portions of the proposed findings and recommendation to which objection is made. *See* Fed. R. Civ. P. 72(b)(3); *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). A district court reviews de novo those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1). To the extent a party fails to object to parts of the magistrate judge's report, the Court may accept the recommendation so long as there is no clear error on the face of the record. *Macort*, 208 F. App'x at 784. Legal conclusions are reviewed de novo, even in the absence of an objection. *See LeCroy v. McNeil*, 397 F. App'x 554, 556 (11th Cir. 2010); *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

CASE NO. 23-80075-CIV-CANNON/McCabe

## DISCUSSION

The Report recommends that the Court grant Plaintiff's Motion to Remand because the presence of Burdt defeats diversity jurisdiction [ECF No. 27 p. 7]. In reaching this conclusion, the Report considers whether Plaintiff "fraudulently joined" Burdt to defeat diversity jurisdiction [ECF No. 27 pp. 4–7]. After evaluating the Amended Complaint and the evidence submitted by the parties, the Report concludes that the Removing Defendants have not met the "heavy burden" to establish fraudulent joinder—i.e., the Removing Defendants have not shown, by clear and convincing evidence, that "Plaintiff cannot possibly prevail on any claim alleged against Burdt" at least with respect to Count IV (Negligence) [ECF No. 27 p. 4]. *See Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (describing the "heavy" burden to establish fraudulent joinder and the need to evaluate all factual allegations and questions of law in the plaintiff's favor). As such, the Report determines that complete diversity is lacking, requiring remand [ECF No. 27 p. 7].

The Removing Defendants, in their Objections, recite their arguments made in opposition to the Motion [ECF No. 18] and vaguely cite to specific portions of the Report with which they disagree [*see generally* ECF No. 28]. The Removing Defendants argue that: (1) Plaintiff has not produced evidence that Burdt was a FiberCel representative [ECF No. 28 pp. 6–8]; (2) Plaintiff has not provided a basis to establish a negligence claim against Burdt [ECF No. 28 pp. 8–13]; and (3) the Report fails to address Counts I–III of the Amended Complaint, none of which state a basis for liability against Burdt [ECF No. 28 pp. 13–15]. The Court addresses each of the Removing Defendants' objections in turn.

The Court is unpersuaded by the Removing Defendants' argument that Plaintiff "lacks any evidence to contradict Burdt's sworn testimony that he was *not* a representative for FiberCel at the time of Plaintiff's surgery" [ECF No. 28 p. 6]. The Report correctly concluded that, although discovery has not yet been conducted in the case, Plaintiff produced sufficient evidence at this

4

stage to "cast sufficient doubt" on Burdt's declaration [ECF No. 27 p. 5]. Specifically, the Report considered Plaintiff's "uncontested allegations" and evidence showing that (1) Medtronic was the exclusive U.S. distributor of FiberCel; (2) Burdt was a Medtronic sales representatives; (3) the job description for a Medtronic sales representative included selling devices, delivering inventory to hospitals, and "aggressively visiting hospitals and solicit[ing] orders from present and prospective customers;" and (4) Burdt was in the operating room during Plaintiff's surgery [ECF No. 27 p. 5 (alteration in original)]. The Removing Defendants contend that "Plaintiff has failed to meet her obligation to present evidence that substantively *contradicts* the facts set forth in the affidavit submitted by [the Removing Defendants]" [ECF No. 28 p. 7 (emphasis in original)]. On a motion to remand, however, the Court is to "resolve all questions of fact . . . in favor of the plaintiff." *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989). As such, upon review of Plaintiff's submissions [ECF Nos. 14-1, 14-2], and viewing the facts in the light most favorable to Plaintiff, the Court agrees with the Report that the allegations and evidence submitted by Plaintiff are sufficient to cast doubt on Burdt's declaration and to establish the possibility that Burdt is subject to liability by virtue of his role as a FiberCel sales representative, again under the heavy burden for claims of fraudulent joinder.

The Removing Defendants next object to the Report's conclusion that Plaintiff has alleged a colorable claim against Burdt for negligence [ECF No. 28 pp. 8–13]. The Court agrees with the Report, however, that Plaintiff has provided sufficient allegations at this stage to support a claim against Burdt for negligence [ECF No. 27 pp. 4–7]. The Removing Defendants' argument on this point essentially reduces to a challenge that Burdt is improperly joined because Plaintiff has not provided any evidence that Burdt is independently liable, outside of his role as a Medtronic sales representative [ECF No. 28 p. 9]. While the Removing Defendants may ultimately prevail on their argument on summary judgment or otherwise, the Removing Defendants have not shown error in

the Report's application of the fraudulent joinder doctrine, which is not a federal pleading standard but rather a narrow exception to the requirement of complete diversity. *See Crowe*, 113 F.3d at 1541 ("For a Plaintiff to present an arguable claim against an in-state defendant and, therefore, to require a case removed to federal court to be remanded to state court, the plaintiff need not show that he could survive in the district court a motion for summary judgment filed by that in-state defendant."). As the Eleventh Circuit has made clear, "[n]othing in our precedents concerning fraudulent joinder requires anything more than conclusory allegations or a certain level of factual specificity." *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1334 (11th Cir. 2011) (distinguishing fraudulent joinder standard from Rule 12(b)(6) plausibility standard). "All that is required are allegations sufficient to establish 'even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants.'" *Id.* (quoting *Coker*, 709 F.2d at 1440–41); *see Pacheco de Perez*, 139 F.3d at 1380–81 ("In a fraudulent joinder inquiry, 'federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law.'" (quoting *Crowe*, 113 F.3d at 1538)).

In this case, the Report adheres to these fraudulent joinder principles. The Report considers the available record on removal, including the Amended Complaint and the competing evidence. *See Pacheco de Perez*, 139 F.3d at 1380. The Report identifies specific and material contradictions between Burdt's declaration and the evidence offered by Plaintiff—ultimately finding contested issues of fact not appropriate for resolution on a motion to remand [ECF No. 27 p. 5]. In reaching its ultimate conclusion, the Report resolves factual conflicts in favor of Plaintiff and finds that the Removing Defendants have not met their "heavy burden" to show "that no possibility exists that Plaintiff might prevail in her negligence claim against Burdt" [ECF No. 27 pp. 6–7 (citing *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1333 (11th Cir. 2011))]. The Court finds the Report's conclusion to be reasonable when analyzed in light of the removal record and in accordance with

CASE NO. 23-80075-CIV-CANNON/McCabe

the Eleventh Circuit's instruction to resolve all doubts about removal jurisdiction in favor of remand. *See Univ. of S. Ala. v. Am. Tobacco*, 168 F.3d 405, 411 (11th Cir. 1999).

The Removing Defendants' objection that the Report "does not address Counts I–III of Plaintiff's Complaint" [ECF No. 28 p. 13] is similarly without merit. As discussed above, the Report correctly found that Plaintiff has stated a viable claim against Burdt for negligence [ECF No. 27 pp. 4–7]. The Report was required to go no further to evaluate the propriety of Plaintiff's remaining claims against Burdt because the existence of the viable negligence claim alone establishes that Burdt is properly joined and diversity is destroyed; as such, remand of this matter is warranted, regardless of the viability of Plaintiff's remaining claims. *See Crowe*, 113 F.3d at 1542 ("In the remand context, the district court's authority to look into the ultimate merit of the plaintiff's claims must be limited to checking for obviously fraudulent or frivolous claims.").

The Removing Defendants have not met their heavy burden to establish by clear and convincing evidence that there is no possibility that Plaintiff can state an arguable negligence claim against Burdt. The presence of Burdt destroys diversity jurisdiction. 28 U.S.C. § 1332(a). Remand is required. Nothing in this Order should be construed as a comment on the merit of Plaintiff's claims.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation [ECF No. 27] is **ACCEPTED**.

2. Plaintiff's Motion to Remand to the Circuit Court of the 15th Judicial Circuit in and for Palm Beach County, Florida [ECF No. 14] is **GRANTED**.

3. Defendants' Joint Motion to Dismiss [ECF No. 17] is **DENIED AS MOOT.**

CASE NO. 23-80075-CIV-CANNON/McCabe

4. The above-captioned matter is remanded to the Fifteenth Judicial Circuit in and for Palm Beach County, Florida.  **The Court reaches no view on the ultimate merit of any of Plaintiff's claims.**

5. The Clerk of Court is directed to **CLOSE** this case.  Any scheduled hearings are **CANCELED**, any pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 5th day of June 2023.

AILEEN M. CANNON
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record